■ In the Matter of DENNIS LOUGHRAN, Respondent, v NORMAN STEISEL, as Commissioner of the Department of Sanitation of the City of New York, Appellant. — Judgment, Supreme Court, New York County (Cahn, J.), entered August 10, 1980, vacating, in a CPLR article 78 proceeding, petitioner's dismissal as a New York City Sanitation Department employee and imposing a lesser penalty, modified, on the law, to remand to the respondent commissioner for further consideration, and, otherwise, affirmed, without costs. Petitioner was dismissed as a sanitation employee following his plea of guilty to charges that on six separate dates he violated the department rule requiring all uniformed employees on sick leave to remain at home unless hospitalized or granted specific permission to leave. It is now clear that, in the usual case, such a pattern of misconduct is sufficient to sustain an administrative determination to dismiss (see *Matter of Santarella v New York City Dept. of Correction*, 53 NY2d 948), particularly where, as here, several of the infractions followed the filing of charges for earlier infractions. This is not the usual case. Petitioner was appointed to the Sanitation Department on January 15, 1968. From that time until the first of the infractions which led to his dismissal, petitioner's record was free from any hint of a blemish. Indeed, letters from departmental supervisory personnel are persuasive that petitioner was an exceptionally dedicated, conscientious and co-operative employee of the department. On November 2, 1978, while on duty, petitioner sustained a severe back injury that totally and permanently disabled him from performing his duties for the department. That medical judgment of qualified physicians, uncontradicted in this record, was communicated to petitioner in February, 1979. In a letter dated May 22, 1979, the department informed petitioner that, acting on the decision of the Medical Review Board, an application for accident and ordinary medical disability was to be forwarded to the New York City Retirement System for their consideration. An appointment was scheduled for him on May 29, 1979 to discuss the pertinent medical information in order to process properly his retirement application. Petitioner's first rule violation occurred on June 19, 1979. From this sequence the fact clearly emerges that an employee who had served with distinction for some 11 years, and who had been housebound on sick leave for some eight months

without incident, committed the first of a series of infractions that led to his dismissal at a time when he had every reason to believe that his period of active service to the department had effectively ended and that, within a short period of time, he was to be retired. In evaluating the culpability of petitioner's conduct and its impact on department policies, this striking circumstance was surely entitled to serious consideration. Significantly, in an otherwise able and conscientiously detailed report, the trial commissioner, who had recommended dismissal, failed to comment on this critically important fact. The omission is particularly notable since the trial commissioner emphasized that the purpose of the rule violated was "to track the rehabilitative progress of the ill employee and foster his expeditious return to duty" considerations only minimally relevant to the actual situation of this petitioner. The possibility is clearly presented by the trial commissioner's report, as well as the other departmental reports and correspondence, that this important circumstance may have been overlooked or at best given scant attention in evaluating what appears to have been aberrational misconduct by one who had served capably for many years. It is apparent that the Sanitation Commissioner was troubled by the recommendation of dismissal. Although agreeing that it was justified by the charges, he directed an assistant commissioner to hold "a penalty conference" with petitioner, his counsel and counsel for the department to consider the imposition of an alternative penalty outside the scope of the Civil Service Law. As appears from the record, the commissioner's dilemma was that the most severe alternative penalty to dismissal authorized by law was a suspension without pay for a maximum of 60 days. The commissioner quite clearly believed that dismissal might be excessive under the circumstances, but also believed that the most severe alternative penalty available without the consent of the petitioner would be inadequate. Accordingly, he wished to pursue the possibility of fixing an intermediate penalty with the voluntary and knowing consent of the employee. In a report to the commissioner with regard to the penalty conferences, the trial commissioner reported that two proposed settlements were offered to petitioner: (1) a fine in the amount of $5,000 to be secured by a bond and paid over a two-year period; and (2) a $3,000 fine secured by a bond to be paid over a two-year period with petitioner to apply for ordinary disability retirement, in addition to a previous application for accident disability, and to agree to resign if either application were denied. After further conferences, the trial commissioner reported that petitioner's counsel had been requested to submit a final decision in writing on February 25, 1980 and that, as of February 27, no response had been received. Thereafter, on March 3, 1980, the Sanitation Commissioner dismissed petitioner effective March 7, 1980. Two days later, on March 5, petitioner in writing expressed his agreement to pay the $5,000 fine previously proposed. On March 7, 1980, the Sanitation Commissioner responded that the acceptance was too late and that the previous order of dismissal remained in effect. In the order appealed from, Special Term vacated the dismissal, reducing the penalty to one of suspension without pay for three months and to payment of a $3,000 fine over a two-year period with the payment to be secured by a bond. Although the proposed reduced penalty seems sensible, we are not persuaded that the court has the power to fix a penalty that would not be available for the commissioner to impose without petitioner's consent. We do not think it necessary to determine this queston at this time. In light of all the circumstances detailed above, including petitioner's written, if tardy, agreement to one of the alternative settlements proposed by the department, the penalty of dismissal seems to us shockingly disproportionate to petitioner's offense. Accordingly, the matter is remanded to the

commissioner for further consideration of the penalty to be imposed. Concur — Sandler, J. P., Sullivan, Carro, Markewich and Lupiano, JJ.